IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 7, 2016

**ANTONIO BONDS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 98-08055        John Wheeler Campbell, Judge**
———————————————————

**No. W2015-02393-CCA-R3-PC  -  Filed September 9, 2016**
———————————————————


The petitioner, Antonio Bonds, appeals the Shelby County Criminal Court's preliminary order dismissing his third petition for post-conviction relief. The petitioner claims the post-conviction court erred in dismissing his petition as time-barred. Upon review, we affirm the post-conviction court's preliminary order dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Antonio Bonds, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Edgar Peterson, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**FACTS**

On September 30, 1999, a Shelby County jury convicted the petitioner of first-degree murder and sentenced him to life in prison.[1] Since then, the petitioner has made multiple appeals to this Court seeking relief from his original conviction. All of the petitioner's appellate pursuits have been denied. In affirming the denial of his second

———————————————

[1]The facts leading to the original conviction are detailed in the petitioner's direct appeal to this Court found in *State v. Antonio Bonds*, No. W2000-01242-CCA-R3-CD, 2001 WL 912829, at *1-2 (Tenn. Crim. App. Aug. 13, 2001).

post-conviction petition, this Court summarized the procedural history of the petitioner's case as follows:

> On August 13, 2001, this court affirmed the judgment of the trial court [on direct appeal]. The Tennessee Supreme Court denied permission to appeal on December 27, 2001. The petitioner filed a petition to re-hear, which the state supreme court denied on February 11, 2002. The mandate was issued on February 12, 2002. On January 10, 2003, the petitioner filed a petition for post-conviction relief. The post-conviction court dismissed the petition for post-conviction relief as untimely because it was not filed within one year of the state supreme court's denial of the application for permission to appeal. On November 14, 2003, a panel of this court affirmed the dismissal of the petition for post-conviction relief, holding that for purposes of the post-conviction statute of limitations, the final action of the Tennessee Supreme Court was the date of its denial of the application for permission to appeal, rather than the date it denied the petition to rehear.
>
> On March, 26, 2010, the petitioner filed a second petition for post-conviction relief, in which he asserted for the first time that he was entitled to a tolling of the statute of limitations because the clerk at the department of correction had failed to copy and mail his petition for post-conviction relief in a timely manner. The trial court denied the petition for post-conviction relief on May 21, 2010.

*Antonio Bonds v. State*, No. W2010-01515-CCA-R3-PC, 2011 WL 914981, at *2 (Tenn. Crim. App. Mar. 16, 2011) (internal citations omitted).

Subsequently, the petitioner filed a "Petition for a Delayed Appeal" on November 3, 2015. The trial court treated the petition as the petitioner's third petition for post-conviction relief.[2] Upon review, the trial court entered a preliminary order denying the petition as time-barred pursuant to Tenn. Code Ann. § 40-30-102(a). This appeal followed.

## ANALYSIS

On appeal, the petitioner claims he is entitled to due process tolling of his post-conviction claims arguing they were untimely filed due to circumstances beyond his control. However, no facts exist to support due process tolling of the one-year statute of limitations. The record shows that the statute of limitations for the petitioner's post-

---

[2]In his Petition for Delayed Appeal, the petitioner cited the post-conviction statute found in Tenn. Code Ann. § 40-30-111(a).

conviction claim expired on December 27, 2002. The initial petition was filed on January 10, 2003, and the present petition was filed on November 3, 2015. The petition lacks sufficient facts to warrant due process tolling of the petitioner's stale post-conviction claims. Accordingly, the preliminary order of the trial court, denying the petitioner's third post-conviction petition as time-barred, must be upheld.

A post-conviction petitioner has one year from "the date of the final action of the highest state appellate court" in which to file a petition for relief. Tenn. Code Ann. § 40-30-102(a). "Time is of the essence of the right to file a petition for post-conviction relief." *Id.* Untimely filing of a post-conviction petition extinguishes a petitioner's post-conviction claims. *Id.* Additionally, "[i]f a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." Tenn. Code Ann. § 40-30-102(c).

However, if a petitioner faces circumstances beyond his control, due process concerns allow courts to review an otherwise untimely post-conviction petition. The Tennessee Supreme Court has outlined limited circumstances which call for due process tolling of untimely post-conviction petitions. To qualify, a petitioner must prove his post-conviction petition was untimely due to mental impairment or attorney misrepresentation. *See Seals v. State*, 23 S.W.3d 272, 277-80 (Tenn. 2000); *Williams v. State*, 44 S.W.3d 464, 470-71 (Tenn. 2001). Additionally, a petitioner is entitled to due process tolling if the grounds for post-conviction relief arose after the running of the statute. *See Sands v. State*, 903 S.W.2d 297, 301-02 (Tenn. 1995). In order to succeed, a petitioner must provide sufficient facts which prove one of these limited circumstances affected the filing of his post-conviction petition. Tenn. Code Ann. § 40-30-104. Absent sufficient facts establishing a petitioner is entitled to due process tolling, an untimely petition must be dismissed. *Eddie Williams v. State*, No. W2011-00202-CCA-R3-PC, 2011 WL 2410364, at *1–2 (Tenn. Crim. App. June 9, 2011).

Here, the petitioner is not entitled to relief as he presents a stale post-conviction claim, previously ruled upon by this Court. *See* Tenn. Code Ann. §40-30-102(c); *Antonio Bonds v. State*, No. W2010-01515-CCA-R3PC, 2011 WL 914981, at *4. Thirteen years after his initial post-conviction petition, the record continues to show the petitioner's claim for relief is time-barred, and he has failed to show why the statute of limitations should be tolled. The statute of limitations began to run on December 27, 2001, after the Tennessee Supreme Court denied the petitioner's application for permission to appeal. *Antonio Bonds v. State*, No. W2010-01515-CCA-R3PC, 2011 WL 914981, at *2 (citing *Antonio Bonds v. State,* W2003–00260–CCA–R3–PC, 2003 WL 22718186 at *1 (Tenn. Crim. App. Nov. 14, 2003)). The record is clear that the petitioner filed his initial post-conviction petition on January 10, 2003. Thus, his initial post-conviction petition was

untimely and the initial post-conviction and appellate courts properly denied his request for relief.

In 2010, the petitioner filed a second petition for post-conviction relief, in which he asserted, for the first time, that he was entitled to due process tolling of the one-year statute of limitations. Specifically, the petitioner argued he "was entitled to a tolling of the statute of limitations because the clerk at the department of correction had failed to copy and mail his petition for post-conviction relief in a timely manner." *Antonio Bonds v. State*, No. W2010-01515-CCA-R3PC, 2011 WL 914981, at \*2. Though the petitioner did not present the due process argument in his initial post-conviction petition, this Court nonetheless reviewed his claim and determined:

> The petitioner has not provided any facts which raise a due process concern. *See, e.g., Williams v. State,* 44 S.W.3d 464 (Tenn. 2001) (holding that strict application of the statute of limitations to cases in which a petitioner has been unilaterally deprived of the opportunity to seek second-tier review of his convictions through misrepresentations of his attorney may violate due process); *Seals v. State,* 23 S.W.3d 272, 279 (Tenn. 2000) (holding that the statute of limitations should be tolled during the time that petitioner was mentally impaired). We have previously held that the post-conviction statute of limitation does not include a discovery exception which would toll its one-year limit. *James Marvin Martin v. State,* No. E2004–00740–CCA–R3–PC, 2004 WL 2280425, at \*3 (Tenn. Crim. App. Oct. 11, 2004), *perm. app. denied* (Tenn. Feb. 28, 2005). Further, we have previously determined that mere lack of knowledge that a claim exists does not toll the statute of limitations. *See, e.g., Jason Earl Hill v. State,* No. E2005–00968–CCA–R3–PC, 2006 WL 389667 (Tenn. Crim. App. Feb. 16, 2006), *perm. app. denied* (Tenn. Sept. 5, 2006) (concluding that petitioner's lack of knowledge does not toll the statute of limitations when petitioner argued that he did not discover his claim for relief until the conviction was used to enhance a subsequent federal sentence); *Guillermo Matiaz Juan v. State,* No. 03C01–9708–CR–00318, 1999 WL 76453 (Tenn. Crim. App. Feb. 18, 1999), *perm. app. denied* (Tenn. July 12, 1999) (determining that ignorance of the law did not bar application of the post-conviction statute of limitations). Because no exceptions apply that would toll the statute of limitations, the post-conviction court properly dismissed the petitioner's petition for post-conviction relief as time-barred.

*Antonio Bonds v. State*, No. W2010-01515-CCA-R3PC, 2011 WL 914981, at \*4.

Applying the same analysis to the current appeal, we again find no exceptions which would require a tolling of the statute of limitations. Similar to his second post-conviction appeal, the petitioner argues the delay of prison officials led to the untimely filing of his post-conviction petition on January 10, 2003. More specifically, the petitioner argues that prison officials failed to timely provide him a notary public and failed to timely return his petition to him which resulted in the untimely filing of his post-conviction petition.

However, the petitioner's current arguments again fail to meet the requirements of due process tolling. As in his second appeal, his arguments do not address any of the limited exceptions which warrant due process tolling of a post-conviction claim. The petitioner offers no evidence that he suffered from a mental impairment at the time of his original post-conviction filing. *See Seals,* 23 S.W.3d at 279. The petitioner has provided no evidence of attorney misconduct or abandonment to support due process tolling. *See Williams v. State,* 44 S.W.3d at 470-71. And, no evidence supports a finding that the grounds for the petitioner's post-conviction claims arose after the one-year statute ran on December 27, 2002. *See Sands*, 903 S.W.2d at 301-02. Rather, the petitioner only argues that delay on the part of prison officials led to the running of the statute. As a result, the petitioner has failed to present any factual allegations warranting due process tolling.

Further, the petitioner argues that the lower courts abused their discretion in failing to take his claims as true and in failing to properly advise him of his appellate rights. However, both of these arguments fail to present a colorable claim for our review. In order to present a colorable claim in post-conviction proceedings, the Tennessee Supreme Court requires:

> The petition must contain "a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40–30–206(d). Bare allegations that a constitutional right has been violated and mere conclusions of law are not sufficient to warrant further proceedings. *See id.*

> Once a petition is filed, the trial court must determine whether the petition asserts a colorable claim. A colorable claim is defined in Tennessee Supreme Court Rule 28, § 2(H) as "a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to petitioner, would entitle petitioner to relief under the Post–Conviction Procedure Act." Post-conviction relief is available only when "the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40–30–203.

-5-

> If the facts alleged, taken as true, fail to state a colorable claim, the petition shall be dismissed. *See* Tenn. Code Ann. § 40–30–206(f).

*Arnold v. State*, 143 S.W.3d 784, 786 (Tenn. 2004).

The trial court held the petitioner failed to present a colorable claim pursuant to Tenn. Code Ann. § 40-30-102(a). Contrary to his claim, this Court is not required to blindly accept the petitioner's claims as true. Rather, this Court is required to assess whether the petitioner is entitled to post-conviction relief. *Id.* The petitioner filed his post-conviction petition outside of the one-year limitations period, and he has failed to present any facts to support due process tolling of the statute of limitations. Therefore, he has failed to present a colorable claim. The petitioner's argument that the trial court failed to "take his claims as true" is ill-founded. We again affirm the preliminary order of the trial court denying the petitioner's third post-conviction petition as untimely.

Finally, the petitioner argues the trial court failed to advise him of his right to appeal. However, in his brief, the petitioner does not argue that he was denied an appeal, but rather that "he was denied effective assistance of counsel on appeal." Thus, the petitioner is again presenting an untimely post-conviction argument which must be denied. Tenn. Code Ann. § 40-30-102. Nevertheless, the record shows the petitioner was represented by appointed counsel on direct appeal, wherein this Court affirmed his conviction. Following the direct appeal, the petitioner appealed to this Court three separate times seeking post-conviction relief, all of which were deemed untimely. The petitioner has not been deprived of his appellate rights, and his final argument is yet another untimely claim for post-conviction relief. Accordingly, the petitioner is not entitled to any further relief in this appeal.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the trial court's preliminary order dismissing the post-conviction petition as time-barred.

_____
J. ROSS DYER, JUDGE

-6-